UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK BARRERA,

        Petitioner,

v.                                                      CASE NO. 05-CV-71915-DT
                                                        HONORABLE DENISE PAGE HOOD
LINDA METRISH,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION AND DENYING IN PART PETITIONER'S MOTION FOR A TRANSFER AND CONSOLIDATION

Petitioner Mark Barrera has filed a *pro se* habeas corpus petition under 28 U.S.C. §§ 2241 and 2254 and a motion to transfer (reassign) this case and consolidate it with *Musall v. Jones*, No. 05-CV-71625-DT. The habeas petition challenges an amended judgment of sentence entered in Wayne County Circuit Court on June 1, 2001. Respondent argues in a responsive pleading that Petitioner's claim involves only matters of state law, which are not cognizable on habeas review. The Court has concluded for reasons given below that the habeas petition must be denied.

### I.  Background

Petitioner was arrested on November 3, 1988, and has been in custody since then. On March 15, 1989, a circuit court jury found him guilty of first-degree murder, and on March 28, 1989, the trial court sentenced Petitioner to life imprisonment without the possibility of parole. The Michigan Court of Appeals affirmed Petitioner's conviction, *see People v. Barrera*, No. 146673 (Mich. Ct. App. Jan. 5, 1994), but on May 7, 1996, the Michigan Supreme Court vacated

the conviction and remanded Petitioner's case for a new trial. *See People v. Barrera*, 451 Mich. 261, 290-91; 547 N.W.2d 280, 295-96 (1996). On April 18, 1997, Petitioner pleaded guilty to second-degree murder, and on May 9, 1997, the trial court sentenced Petitioner to twelve to twenty years in prison with jail credit for 3,109 days.

In 2001, Petitioner moved to correct his sentence on the ground that the trial court should have reduced his sentence by eight years and seven months for the time he served on his first-degree murder conviction. The trial court agreed and granted Petitioner's motion. The court then entered an amended judgment of sentence on June 1, 2001. The amended judgment provided for a minimum sentence of three years, three months, and twenty-five days and a maximum sentence of eleven years and three months. The amended judgment provided for no additional jail credit. Petitioner moved for reconsideration on the ground that he was entitled to have all disciplinary credits earned since November 3, 1988, applied to his amended judgment of sentence. The trial court denied Petitioner's motion after concluding that the Michigan Department of Corrections, and not the court, was the proper party to determine disciplinary credits.

On January 24, 2003, Petitioner filed a complaint for the writ of mandamus in the Michigan Court of Appeals. The court of appeals denied the complaint without providing any reasons for its decision. *See Barrera v. Wayne Circuit Judge*, No. 246216 (Mich. Ct. App. May 15, 2003). On March 25, 2004, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See Barrera v. Wayne Circuit Judge*, 469 Mich. 1021; 678 N.W.2d 440 (2004) (table).

On October 18, 2004, Petitioner filed a state complaint for the writ of habeas corpus in

Grand Traverse Circuit Court. The circuit court denied the complaint, because in its opinion, the Michigan Department of Corrections could not adjust the sentence without a court order and because any relief had to come from the trial court. Finally, on May 16, 2005, Petitioner filed the pending application for the writ of habeas corpus.

## II.  Discussion

Petitioner alleges that, although his amended sentence of June 1, 2001, appears to be shorter than the sentence imposed on May 9, 1997, the sentence actually is longer, because he was not given credit for disciplinary credits earned before May 9, 1997. Petitioner relies on both state and federal law to support his claims.

"A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984). It simply "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, Petitioner is not entitled to federal habeas relief on the ground that his rights under state statutes governing credit for void sentences, disciplinary credits, and related matters were violated.

Petitioner's constitutional claims allege violations of the Double Jeopardy Clause, the Equal Protection Clause, and the Eighth Amendment to the United States Constitution. Because none of the state courts addressed Petitioner's federal claims, this Court addresses the claims *de novo*. *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005), *cert. denied*, __ S. Ct. __, 2006 WL 37222 (U.S. Jan. 9, 2006) (No. 05-7004).

## A.  Double Jeopardy

3

Petitioner alleges that he has been subjected to double punishment for the same offense because the trial court did not reduce his sentence for disciplinary credits that he earned while incarcerated on his voided first-degree murder sentence.  The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V. The Clause "is enforceable against the States through the Fourteenth Amendment. . . [a]nd it protects against multiple punishments for the same offense."  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled in part on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989).

Petitioner relies on *Pearce* to support his double jeopardy claim.  One of the prisoners in the Pearce case pleaded guilty in state court to four charges of second-degree burglary.  He was sentenced to imprisonment for a total of ten years.  His convictions subsequently were vacated on the ground that he had not been accorded his constitutional right to counsel.  He proceeded to trial on three of the burglary charges and was convicted a second time.  The trial court then sentenced him to twenty-five years in prison, but failed to provide credit for time spent in prison on the original judgment.  The prisoner challenged his sentence in a federal habeas corpus action and prevailed in the District Court and Court of Appeals.  The Supreme Court affirmed the lower courts, holding that

> the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense.  If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him.  But if he is reconvicted, those years can and must be returned – by subtracting them from whatever new sentence is imposed.

*Id*. at 718-19 (footnote omitted).

Unlike the prisoner in *Pearce*, Petitioner was awarded credit for time served.  The

4

amended judgment of sentence entered on June 1, 2001, reduced his sentence of twelve to twenty years by the amount of time Petitioner served on his voided first-degree murder sentence. Both the minimum and maximum sentences have been reduced by the amount of time already served. Thus, the Double Jeopardy Clause was not violated.

The problem lies in the calculation of Petitioner's disciplinary credits and release date. In Michigan, disciplinary credits are "used as a management tool to reward eligible prisoners for good behavior and as an incentive to continue such behavior." Mich. Dept. of Corr. Policy Directive 03.01.101, at 1 (Dec. 1, 2004). "Prisoners eligible to receive disciplinary credits automatically earn five days of regular disciplinary credits per month or partial month served except for any month in which the prisoner engages in behavior for which s/he is subsequently found guilty of a major misconduct." *Id.* at M.

Petitioner alleges that he is receiving disciplinary credits from May 9, 1997, to the present, but not for November 3, 1988, through April 8, 1997, when he was serving his first-degree murder sentence. He claims that he is entitled to have his sentence reduced by 635 days, which represent the disciplinary credits earned while he was serving his first-degree murder sentence.

The Michigan Department of Corrections has declined to reduce Petitioner's sentence for disciplinary credits earned before May 9, 1997. It points out that the amended judgment of sentence dated June 1, 2001, does not provide for any jail credit and, furthermore, the amended judgment states that the sentence begins to run on May 9, 1997.

The Department of Corrections is bound by the amended judgment, and the trial court has

5

chosen not to award any credit other than the actual years, months, and days that Petitioner served on his first-degree murder conviction. The Court does not believe that the failure to reduce Petitioner's sentence by disciplinary credits earned on the voided sentence violates the Double Jeopardy Clause, because earned time does not equal served time. The punishment already exacted for Petitioner's first-degree murder sentence (approximately eight years and seven months) was credited against Petitioner's sentence for second-degree murder. The Double Jeopardy Clause requires nothing more.

## B. Equal Protection

Petitioner alleges next that the failure to grant him disciplinary credits for November 3, 1988, through May 8, 1997, violates his right to equal protection of the law. The Equal Protection Clause prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1, cl.2. The Clause "requires that 'all persons similarly situated should be treated alike.'" *Chambers v. Stengel*, 256 F.3d 397, 401 (6th Cir. 2001) (quoting *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "[T]o establish a violation of the Equal Protection Clause, an inmate must prove that a racially discriminatory intent or purpose was a factor in the decision of the prison officials." *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).

Petitioner has not demonstrated that the decision to deprive him of additional credits against his sentence was motivated by a racially discriminatory intent or purpose. Nor has he shown that he was treated differently from similarly situated inmates. In fact, his motion for consolidation indicates that the trial court treated Petitioner's co-defendant, Patrick Musall, in exactly the same manner. Petitioner has failed to show a violation of the Equal Protection

6

Clause.

### C. Cruel and Unusual Punishment

Petitioner's final constitutional argument is that the failure to award him credit for disciplinary credits earned before May 9, 1997, is cruel and unusual punishment. The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. The Amendment has been interpreted to "forbid[] only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277 (1983)). "[A] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995) (quoted with approval in *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000)).

Second-degree murder is punishable in Michigan by imprisonment for life or any term of years, MICH. COMP. LAWS § 750.317, and the Sixth Circuit has stated that a sentence of forty years to sixty years for second-degree murder is not cruel and unusual punishment. *See Austin*, 213 F.3d at 302. Consequently, Petitioner's sentence of twelve to twenty years, less credit for eight years and seven months already served, is not cruel and unusual punishment.

The decision not to shorten Petitioner's sentence by 635 days for disciplinary credits earned before May 9, 1997, also does not establish an Eighth Amendment violation. State records indicate that Petitioner's projected release date is July 21, 2006. By then, he will have served about seventeen and half years in prison. Because the actual amount of time served for Petitioner's offense does not exceed the statutory maximum and is not grossly disproportionate to the crime of murder, the "cruel and unusual punishments" clause was not violated.

7

### III.  Conclusion

Petitioner's state law claims are not cognizable on federal corpus habeas review, and his federal claims lack merit.  Accordingly, the habeas corpus petition [Doc. #1, May 16, 2005] is DENIED.

Petitioner's motion for a transfer and consolidation [Doc. #3, June 27, 2005] is moot to the extent that it seeks to have this case reassigned from United States District Judge Patrick J. Duggan to this Court.  Petitioner's case was reassigned to this Court on January 19, 2006.  The portion of Petitioner's motion that seeks to consolidate this case with Patrick Musall's case, No. 05-CV-71625-DT is DENIED.

        s/ DENISE PAGE HOOD
        DENISE PAGE HOOD
        UNITED STATES DISTRICT JUDGE

Date: February 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2006, by electronic and/or ordinary mail.

        s/William F. Lewis
        Case Manager