UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK BARRERA,**

       **Petitioner,**               **CASE NO. 05-71915**

                                     **HONORABLE DENISE PAGE HOOD**

**v.**

**LINDA METRISH,**

       **Respondent.**
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I. INTRODUCTION**

This matter is before the Court on Petitioner's Motion for Reconsideration filed on March 13, 2006.

In his Motion, Petitioner asks this Court to reward him credit for the disciplinary credits he received while incarcerated on a first-degree murder charge.

For the reasons stated herein, this Court DENIES Petitioner's Motion for Reconsideration.

**II. PROCEDURAL HISTORY**

On May 16, 2005, Petitioner filed a Petition for Writ of Habeas Corpus. A response was filed on November 18, 2005. In its February 28, 2006 Opinion and Order, this Court denied Petitioner's May 15th habeas petition and denied Petitioner's Motion for a Transfer and Consolidation filed on June 28, 2005.

In his Motion for Reconsideration, Petitioner alleges that his constitutional rights

have been violated under the Double Jeopardy Clause, the Equal Protection Clause, and the Eighth Amendment.

### III. STANDARD OF REVIEW

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also that the correcting defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Summer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

### APPLICABLE LAW & ANALYSIS

Petitioner seeks reconsideration of the Court's February 28, 2006 Order Denying Petitioner's Habeas Corpus Petition. Petitioner alleges several reasons why the Habeas Corpus Petition should be amended. Petitioner alleges that his constitutional rights were violated under the Double Jeopardy Clause, the Equal Protection Clause, and the Eighth Amendment.

Petitioner cites *North Carolina v. Pearce*, 395 U.S. 711 (1969), to support his Double Jeopardy claim. Petitioner alleges that the point of law he was referring to was omitted in the Order denying his petition. Though the footnote was omitted, it is of no consequence since the Michigan Department of Corrections has declined to reduce Petitioner's sentence for disciplinary credits earned before May 9, 1997. The Department of Corrections has the

authority to determine whether or not a prisoner should receive credit for "good behavior". As such, the Petitioner's first argument in his Motion for Reconsideration is denied.

The Petitioner restates previous arguments regarding the Equal Protection claim and his Eighth Amendment claim. This Court has already addressed these issues in its February 28th Opinion and Order in which it denied Petitioner's Writ of Habeas Corpus.

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration **[Docket No. 33, filed March 13, 2006]** is DENIED.

                                               s/ DENISE PAGE HOOD
                                               DENISE PAGE HOOD
                                               UNITED STATES DISTRICT JUDGE

Date: March 22, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2007, by electronic and/or ordinary mail.

                                               S/William F. Lewis
                                             Case Manager